## Commonwealth v. Krall

*K. L. Shirk*, for Commonwealth; *Charles W. Eaby*, for defendant.

ATLEE, J., July 9, 1932.—On March 23, 1932, J. A. Aumon, a member of the State Highway Patrol, made complaint against Isaac B. Krall for violation of section 1008(a) of The Vehicle Code of May 1, 1929, P. L. 905. The complaint was brought before Alderman David N. Trapnall, of the Fifth Ward of the City of Lancaster, Pa., and the matter proceeded before him until, on April 18, 1932, the defendant was brought before Alderman Trapnell, hearing was waived and bail entered for the June term of the court of quarter sessions.

The matter before the court now is a motion in arrest of judgment for the following reason: The complaint charges that the defendant on March 20, 1932, in the County of Lancaster, on the Lincoln Highway about five miles east of Lancaster, violated the provisions of The Vehicle Code by unlawfully driving to the left side of the center line of said highway in overtaking and passing another vehicle proceeding in the same direction at a time when such left side was not free from oncoming traffic, etc. This complaint was taken before Alderman David N. Trapnell, of the Fifth Ward of the City of Lancaster, and it is alleged that this complaint, if any was brought, should have been brought before "the magistrate nearest to the point where the alleged violation occurred, or a magistrate within the city, borough, incorporated town, or township where the alleged violation occurred": Section 1201 of The Vehicle Code of 1929, as amended by the Act of June 22, 1931, P. L. 751. The Vehicle Code of 1929, Sec. 1201, required the complaint to be brought "before the nearest available magistrate". The title of The Vehicle Code of 1929 contained among other things in its title the words "imposing penalties," and Judge Hargest, in the case of Com. *v.* Marter, 13 D. & C. 688, decided that this title was insufficient to make effective the provisions of The Vehicle Code, providing that complaint had to be brought before "the nearest available magistrate." Since Judge Hargest's decision, declaring unconstitutional this provision of the Act of 1929, the Legislature of Pennsylvania has passed the Act of June 22, 1931, P. L. 751. This act in its

title contains the following provision, "modifying penalties, and procedure for enforcement: and affecting the powers, duties, and rights of political subdivisions of the Commonwealth, and their officers, the Department of Highways, the Department of Revenue, and the courts."

The change in the title of the Act of 1931 seems to give ample notice of the provisions of the act. Under this act the complaint must be brought before the magistrate nearest to the point where the alleged violation occurred, or before a magistrate within the township where the alleged violation occurred. The justice of the peace of East Lampeter Township, in which township the violation occurred, is Elmer E. Leaman, whose office is at Bird-in-Hand. It appears that Bird-in-Hand is three-fourths of a mile nearer to the scene of the alleged violation than is Lancaster City, where the complaint was lodged.

The complaint should not have been received by Alderman Trapnell. The state highway patrolman should not have brought the complaint before anyone other than the justice of the peace of East Lampeter Township. The provisions of the Act of 1931 are mandatory and must be obeyed.

The defendant has lost no rights by waiving a summary hearing and giving bond to appear in court. He may raise the question of jurisdiction at any time. Even though he had taken an appeal, this fact would not have operated to give consent to the jurisdiction of Alderman Trapnell. Therefore, upon consideration of the evidence disclosing the lack of jurisdiction of Alderman Trapnell, it now becomes the duty of the court to dismiss the complaint against the defendant.

Motion in arrest of judgment sustained and complaint dismissed.

NOTE.—See, also, Com. *v.* Chadwick, 13 D. & C. 479; Com. *v.* De Ghequier, 13 D. & C. 615; Com. *v.* Henry, 14 D. & C. 651; Com. *v.* Allen et al., 15 D. & C. 43; Com. *v.* Moore, 15 D. & C. 263; Com. *v.* Paliescheskey, 17 D. & C. 125; Com. *v.* Vorsteg, 17 D. & C. 719.                    From George Ross Eishleman, Lancaster, Pa.